IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00754-GPG

KEITH E. PEER,

      Applicant,

v.

DEBORAH DENHAM, Warden,

      Respondent.

---

ORDER DIRECTING RESPONDENT
TO FILE SUPPLEMENT TO PRELIMINARY RESPONSE

---

Applicant, Keith E. Peer, is a prisoner in the custody of the Federal Bureau of

Prisons (BOP) and is incarcerated at the Federal Correctional Institution in Englewood,

Colorado.  Mr. Peer has filed *pro se* an Application for Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2241 (ECF No. 1) challenging a disciplinary hearing officer (DHO)

decision.  Mr. Peer has paid the $5.00 filing fee.

On May 11, 2015, Magistrate Judge Gordon P. Gallagher entered an order (ECF

No. 7) directing the Respondent to file a preliminary response to the Application

asserting the affirmative defense of exhaustion of administrative remedies if the

Respondent intended to raise the defense.  Respondent filed a preliminary response on

June 1, 2015 (ECF No. 12) asserting the exhaustion defense.  Mr. Peer filed a reply on

June 18, 2015.  (ECF No. 15), along with a Motion for Summary Judgment (ECF No.

16).

The Court must construe liberally Mr. Peer's filings because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.   For the reasons stated below, Respondent will be directed to file a Supplement to Preliminary Response.

## I.  The Federal Application

Mr. Peer asserts in the § 2241 Application that he has been denied due process in connection with a November 30, 2012 incident report charging him with the prohibited act of "Introduction of a Narcotic." (ECF No. 1, at 3; No. 1-1, at 12).  Applicant maintains that the alleged "narcotic" was actually a dietary supplement.  (ECF No. 1, at 3).  Following a hearing on February 20, 2013, the DHO determined that Applicant was guilty as charged, and sanctioned him with, *inter alia*, the forfeiture of 41 days of good time credits.  (ECF No. 1-1, at 34-36).

Mr. Peer filed an appeal of the DHO's report with the North Central Regional Office on April 1, 2013.  (ECF No. 1-1, at 3).  The Regional Director denied his appeal on June 18, 2013.  (ECF No. 1-1, at 2).

On September 27, 2013, Mr. Peer received documents from the North Central Regional Office in response to a Freedom of Information Act (FOIA) request he had submitted in March  2013.  (ECF No. 1, at 13-15; No. 1-1, at 6).  The documents included correspondence between FCI-Englewood administrators and the District Attorney's office in which the District Attorney stated, in a letter dated December 5, 2012, that since [the prohibited substance] is a dietary supplement, we decline [to prosecute." (ECF No. 1, at 6).

On October 12, 2013, Mr. Peer filed an appeal of the Regional Director's decision to the Central Office.  (ECF No. 1-1, at 8).  The Central Office responded on November 4, 2013, directing Applicant to submit verification as to why his appeal was untimely.  (ECF No. 1-1, at 54).  On November 30, 2013, Applicant wrote a letter to the Central Office explaining that his appeal was untimely because he was waiting to receive documents in response to his FOIA request.  (ECF No. 1-1, at 14-16).  The Central Office informed Applicant that his untimely appeal would not be accepted without staff verification.  (ECF No. 1-1, at 60).  Applicant states that his counselor thereafter refused to provide the requested staff verification.  (ECF No. 1, at 6).

In July 2014, after Mr. Peer filed additional administrative remedy requests, prison staff learned that the substance confiscated from Applicant in 2012 was still at the facility and an executive assistant agreed to send the substance to an independent lab for testing.  (ECF No. 1, at 7).  On August 15, 2014, the Colorado Bureau of Investigation (CBI)  issued a lab report stating that "Controlled substances were not detected" in the tan powder capsules.  (*Id.* at 7, 16).  The DHO was informed of the test results, but no remedial action has been taken, despite Applicant's numerous inquiries.  (*Id.* at 7).

Mr. Peer asserts in the Application that his prison disciplinary conviction for Introduction of a Narcotic, and his attendant loss of good time credits, violates due process because he was innocent of the charged offense.  For relief, he asks that the disciplinary conviction be expunged from his prison file.

Respondent argue in the Preliminary Response that the § 2241 Application should be dismissed because Mr. Peer did not exhaust available administrative

remedies.  Specifically, Respondents contend that Applicant failed to re-submit his

Central Office appeal, with staff verification as to why the appeal was untimely.  (ECF

No. 12, at 5-6).

## II.  The Exhaustion Requirement

Exhaustion of available administrative remedies is a prerequisite to federal

habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d

1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)

(per curiam); *see also United States v. Wilson,* 503 U.S. 329, 335 (1992) ("Federal

regulations have afforded prisoners administrative review of the computation of their

credits, and prisoners have been able to seek judicial review of these computations

after exhausting their administrative remedies" (citations omitted).").  The exhaustion

requirement is satisfied through proper use of the available administrative procedures.

*See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative

remedies in the context of 42 U.S.C. § 1997e(a)).  A "narrow exception to the

exhaustion requirement applies if an applicant can demonstrate that exhaustion is

futile." *Garza*, 596 F.3d at 1203.   Further, the exhaustion requirement may be excused

if prison officials prevent of hinder a prisoner's efforts to exhaust administrative

remedies.  *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (addressing Prison

Litigation Reform Act's exhaustion requirement).

The BOP administrative remedy procedure is available to federal prisoners. *See*

28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows "an inmate

to seek formal review of an issue relating to any aspect of his/her own confinement."

4

28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.

Exceptions exist to the standard exhaustion procedures.  If a determination by a DHO is at issue, the inmate may skip the initial appeal to the Warden and appeal the DHO's decision directly to the Regional Director.  *See* 28 C.F.R. § 542.14 (d)(2).  Appeal from an adverse decision is to the National Inmate Appeals Director. *See* 28 C.F.R. § 552.15(a).

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process.  28 C.F.R. § 542.17(a).  When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal.  28 C.F.R. § 542.17(b).  If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level.  28 C.F.R. § 542.17(c).  The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing.  *Id.*

A dismissal for failure to exhaust available administrative remedies is without prejudice, so that the prisoner can complete the administrative remedy process before seeking judicial relief.  *See*, *e.g. Eldridge v. Berkabile*, No. 13-1036, 526 F. App'x 897, 898 (10th Cir. May 23, 2013) (unpublished).

### III.  Procedural Default

It is well-established in the context of § 2254 cases that if the petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The procedural default doctrine has been applied to a federal prisoner's failure to exhaust administrative remedies before seeking relief under § 2241.  *See*, *e.g. Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761 (3rd Cir.1996) (applying procedural default doctrine in § 2241 proceeding filed by federal prisoner alleging deprivation of rights in conjunction with prison discipline); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986) (holding that federal prisoner's failure to complete BOP's administrative remedy procedure in accordance with administrative time limits constitutes a procedural default); *see also Azure v. Pugh*, No. 99-1433, 2000 WL 702400, at *2 (10th Cir. May 26, 2000) (unpublished) (affirming district court's dismissal of § 2241 petition filed by federal prisoner based on procedural default doctrine where prisoner failed to raise his claim at the highest level of administrative appeal); *Pelts v. True*, 97 F.3d 43, 1997 WL 774780 (10th Cir. Dec. 17, 1997) (unpublished) ("Because Mr. Pelts failed to appeal in a timely manner, he has committed a procedural default which makes administrative review of his claim unavailable, and we will only consider his § 2241 petition if he can demonstrate cause and prejudice."); .

A procedural default will be excused where the prisoner demonstrates either: (1)

cause for the procedural default and resulting prejudice; or, (2) that a fundamental miscarriage of justice will occur if the federal claim is not heard on the merits. *See Coleman*, 501 U.S. 722, 750 (1991); *see also Johnson v. Okla. Dep't of Corrections*, 314 F. App'x 92, 93 (10th Cir. May 19, 2008) (unpublished) (holding, in § 2241 action, that prisoner who failed to exhaust administrative remedies did not meet fundamental miscarriage of justice exception to excuse his procedural default).

The fundamental miscarriage of justice exception "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted).  A claim of actual innocence must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To prevail on an actual-innocence claim, Applicant must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Applicant must demonstrate that it is "more likely than not that [he would not have been convicted] in light of the new evidence." *Id*. at 327.

## IV.  Order to Supplement Preliminary Response

The record shows that Applicant did not complete the administrative remedy process for his DHO appeal because the Central Office rejected his appeal as untimely. And, according to Applicant, prison staff refused to provide him with the necessary staff verification to justify his late appeal.  It is not clear whether Applicant has an available

administrative remedy at this time, or if he would be procedurally barred by administrative procedure time limits from seeking further relief.  Moreover, it appears that prison officials may have hindered his efforts to exhaust administrative remedies, which can excuse the exhaustion requirement.  *See Little*, 607 F.3d at 1250.

If an administrative remedy challenging the DHO conviction and attendant loss of good time credits is no longer available to Mr. Peer, and if staff did not hinder his efforts to exhaust administrative remedies, then the doctrine of procedural default applies. However, Applicant has asserted a colorable claim of actual innocence to potentially excuse his procedural default by submitting a copy of the CBI lab report (ECF No. 1, at 16) which states that controlled substances were not detected in the tan powder capsules tested.  *Cf.  Gawlas v. Monday*, No. 13-6209, 556 F. App'x. 722, 724 (10th Cir. Feb. 27, 2014) (unpublished) (rejecting state prisoner's attempt to establish his "actual innocence" so that upholding his conviction would amount to a fundamental miscarriage of justice because "unsupported and conclusory assertion that he had not produced any unlawful "homebrew" hardly satisfies the "fundamental miscarriage of justice" exception to procedural bar.").

Mr. Peer is reminded that "an assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus".  *See LaFevers v. Gibson*, 238 F.3d 1263, 1265 n. 4 (10th Cir. 2001).  Accordingly, it is

ORDERED that Respondent shall file a Supplement to Preliminary Response, within **fourteen (14) days of this Order**, addressing: (1) whether Mr. Peer has an

administrative remedy available to him at this time; and, if not, (2) Applicant's argument that he is actually innocent of the disciplinary conviction so as to excuse his procedural default.  It is

FURTHER ORDERED that Mr. Peer may file a Reply to Supplement to Preliminary Response **within fourteen (14) days after the Supplement is filed**.

DATED June 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge