IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00754-GPG

KEITH E. PEER,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

---

ORDER

---

    Applicant, Keith E. Peer, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institution in Englewood, Colorado. Mr. Peer has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). Mr. Peer asserts in the Application that his prison disciplinary conviction for Introduction of a Narcotic, and his attendant loss of 41 days of good time credits, violates due process because he was innocent of the charged offense. For relief, he asks that the disciplinary conviction be expunged from his prison file.

    Respondent filed a preliminary response to the Applicant on June 1, 2015 (ECF No. 12) asserting the defense of failure to exhaust available administrative remedies. Mr. Peer filed a reply on June 18, 2015. (ECF No. 15), along with a Motion for Summary Judgment (ECF No. 16).

    On June 22, 2015, after reviewing the parties' submissions concerning Respondent's assertion of the exhaustion defense, the Court ordered Respondent to

file a Supplement to the Preliminary Response within 14 days (ECF No. 18). Specifically, Respondents were directed to address whether: (1) Applicant has an available administrative remedy at this time, or if he would be procedurally barred by administrative procedure time limits from seeking further relief; (2) prison officials hindered Applicant's efforts to exhaust administrative remedies; and, (3) whether Applicant was actually innocent of the disciplinary charge of Introduction of a Narcotic, so as to excuse any procedural default. (*Id.*).

After obtaining an extension of time, Respondent filed a Motion to Stay (ECF No. 24) on July 23, 2015. Respondent states in the motion that after conducting a further investigation into the circumstances of Applicant's disciplinary conviction, the BOP has "determined that it would be appropriate to conduct a re-hearing on the issue of whether Mr. Peer in fact introduced contraband to FCI Englewood." (*Id.* at 2). Respondent represents that the re-hearing will take place within 10 days of the July 23, 2015 filing. (*Id.*). Respondent asks that this case be stayed pending the re-hearing. (*Id.*).

Mr. Peer filed an Objection to Respondent's Motion to Stay (ECF No. 25) on July 24, 2015. Applicant objects to a re-hearing on the lesser charge of introduction of contraband because the disciplinary conviction that he challenges in the Application was for the greater charge of introduction of a narcotic.

Because it is unclear at this time whether the re-hearing will address Mr. Peer's existing disciplinary conviction for introduction of a narcotic, the Court will delay any further proceedings in this case pending the re-hearing (assuming that the re-hearing will occur on or before August 3, 2015, as represented by the Respondent).

Accordingly, it is

ORDERED that Respondent's Motion to Stay (ECF No. 24) is GRANTED as follows: The Court will stay any further proceedings in this case until August 6, 2015. It is

FURTHER ORDERED that Respondent shall file a status report concerning the outcome of the re-hearing, along with a copy of the DHO Report, **on or before August 6, 2015**.

DATED July 28, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge